IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RALSTON JANNICE,                                                                    PETITIONER

v.                                                  CIVIL ACTION NO.:  3:11cv128-MPM-SAA

JESSIE STREETER and
ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI,                RESPONDENTS


**MEMORANDUM OPINION AND ORDER**

Petitioner, Ralston Jannice[1], an inmate currently confined at the Marshall County Correctional Facility in Holly Springs, Mississippi, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents have filed an answer to the instant petition, and Jannice has filed a reply thereto.  Having considered the parties' filings and the applicable law, the Court finds Jannice's petition should be dismissed for the reasons that follow.

**Background and Procedural History**

Ralston Jannice pleaded guilty to one count of simple robbery[2] in the Circuit Court of Lafayette County, Mississippi, and was sentenced on January 4, 2010, to serve a fifteen-year sentence in the custody of the Mississippi Department of Corrections ("MDOC").  He was sentenced to a twelve-year term of incarceration and to three years of post-release supervision.  (SCR vol. 1, 44).  By statute, there is no direct appeal from a guilty plea.  *See* Miss. Code Ann. §

---

[1] The Mississippi Department of Corrections lists Petitioner's name as "Jannice Ralston," but documents in this Court and the Mississippi Supreme Court identify him as "Ralston Jannice."

[2] Pursuant to Jannice's plea, the charge was reduced from robbery with a deadly weapon to simple robbery.

1

99-35-101.

Jannice filed a motion for post-conviction relief in the Lafayette County Circuit Court on March 23, 2010. The motion was denied by order filed April 13, 2010. (SCR vol. 1, 28). Jannice appealed the decision to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. On June 21, 2011, the Mississippi Court of Appeals filed a written opinion upholding the Circuit Court's decision to deny the motion. (*See* Answer, Ex. A); *see also Jannice v. State*, 65 So. 3d 346 (Miss. Ct. App. 2011) (Cause No. 2010-CP-00834-COA). Jannice did not file a motion for rehearing with the Mississippi Court of Appeals or a petition for writ of certiorari with the Mississippi Supreme Court.

On or about September 16, 2011, Jannice filed the instant federal habeas petition raising the following claims:

| | |
|---|---|
| Ground One: | Whether counsel was ineffective and rendered incompetent advice in violation of the Sixth Amendment. |
| Ground Two: | Whether Petitioner was subjected to an illegal sentence. |
| Ground Three: | Whether Petitioner's sentence exceeded the statutory maximum. |

**Discussion**

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the substance of the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). A procedural default occurs, however, where "a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal," or "the petitioner fails to

exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred." *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999) (citations omitted).

In this case, Jannice failed to seek discretionary review from the denial of his application for post-conviction collateral relief, thereby forfeiting his right to seek certiorari review in the Mississippi Supreme Court. *See* Miss. R.App. P. 17(a). Jannice's ability to return to State court and exhaust his claims has long expired. *See* Miss. R.App. P. 40 and 17(b). Because he failed to proceed in a procedurally proper manner in State court, Jannice has procedurally defaulted his federal habeas claims. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.").

"Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998) (citations omitted). To demonstrate "cause," Jannice must show that some external impediment prevented him from properly filing a motion for rehearing and then a petition for certiorari. *See, e.g., Fairman v. Anderson,* 188 F.3d 635, 643 (5th Cir. 1999). Jannice cannot demonstrate "cause" for the default by arguing that he lacked an understanding of the proper procedure to exhaust his claims in State court. *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992)

(finding pro se status is not an objective external factor constituting "cause" for failure to raise issues). Because Jannice fails to demonstrate cause, the Court need not consider the issue of prejudice. *Id*. at 118.

Additionally, the "fundamental miscarriage of justice" exception, which is limited to cases of actual innocence, is not applicable in the instant case, as Jannice entered a plea of guilty to the charge of simple robbery. *See Fairman*, 188 F.3d at 644 (noting that the exception is limited to cases "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction"). Therefore, the Court may not review the merits of Jannice's petition.

## Conclusion

Jannice failed to properly submit his claims to the State's highest court, and the time for seeking review in State court has expired. Therefore, Jannice's federal claims are procedurally barred, and his petition is **DISMISSED WITH PREJUDICE**. A final judgment consistent with this memorandum opinion and order will issue today.

**SO ORDERED** this the 5th day of May, 2014.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**